IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BILLY EUGENE HODGES,   ) | | |
|       Movant,   ) | | |
| v.   ) | | Civil No. 7:11-CV-128-O-BL |
|   ) | | |
| UNITED STATES OF AMERICA,   ) | | (Criminal No. 7:08-CR-012-O) |
|       Respondent.   ) | | |

REPORT AND RECOMMENDATION

This is a motion to vacate, set aside or correct the sentence filed pursuant to 28 U.S.C. § 2255. In a superseding indictment, Billy Eugene Hodges was charged with conspiracy to manufacture a controlled substance in violation of 21 U.S.C. § 846. Hodges entered a plea of guilty and was sentenced to 240 months confinement to be followed by a five-year term of supervised release. The Court's judgment was affirmed on direct appeal. *United States v. Hodges*, No. 09-10473 (5th Cir. 2010).

On March 25, 2013, the Court received a notice from the Federal Bureau of Prisons stating that Billy Eugene Hodges had passed away on March 14, 2013. ECF No. 11. Because of his death, Mr. Hodges' motion to vacate, set aside or correct the sentence is moot. *See Knapp v. Baker*, 509 F.2d 922 (5th Cir. 1975); *Gornto v. MacDougall*, 482 F.2d 361 (5th Cir. 1973).

For the foregoing reason, it is RECOMMENDED that the motion to vacate, set aside or correct the sentence be DISMISSED as MOOT.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 30th day of October, 2013.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**